UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MATTHEW GALLEGOS,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO & DOES 1-5,<br><br>    Defendants. | Case No. 3:16-cv-01588-LB<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>[Re: ECF Nos. 56 and 57] |
| FRANK OROSS AND WILLIAM WATTERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br>    Defendants. | Case No. 3:16-cv-02489-LB<br><br>[Re: ECF Nos. 46, 47, and 48] |

The parties filed three letters with their discovery disputes. The court finds that it can decide the disputes without oral argument under Civil Local Rule 7-1(b) and rules as follows.

## 1. First Letter — Data From High-School Principal

The plaintiffs must use a Rule 45 third-party subpoena. Whatever its relative shortcomings. Mr. Anastasio is not a party — not literally and not by dint of having attended the actual defendant's deposition. Nor does the defendant "control" his personal devices. The litigation-hold

ORDER — Case Nos. 3:16-cv-01588-LB and 3:16-cv-02489-LB

letter is standard. Neither it nor anything else before the court suggests that the defendant has the "legal right to obtain on demand" — *i.e.,* that it "controls" — information from Mr. Anastasio's personal devices. *See* W. Schwarzer et al., *Fed. Civil Procedure Before Trial*, ¶¶ 11:1826–1827.1 (2016). The burden is on the party seeking production: in this case, the plaintiffs. And the plaintiffs have not met their burden.

**2. Second Letter — Meetings With Lawyers; Joint-Prosecution Privilege; Prior Conduct**

This letter raises three issues — all of these being questions to which the plaintiffs objected and were instructed not to answer:

(1) Must the plaintiffs reveal the "dates and duration" of meetings with their attorneys?

(2) Does the joint-prosecution privilege shield from discovery communications that plaintiff Gallegos had with his lawyer in the presence of plaintiffs Oross and Watters?

(3) Must plaintiff Gallegos reveal his "prior sexual conduct" — meaning, specifically, whether he, the other plaintiffs, and Mr. Anastasio shared pornographic images "in the workplace" on occasions other than the one that triggered this lawsuit?

**2.1 Dates and Durations of Meetings with Attorneys**

This material is not attorney-client privileged and it is not attorney work product. The defendant is correct in those things. But neither has the defendant shown how it is "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). The court sustains the plaintiffs' objection to answering questions seeking this information.

**2.2 Joint-Prosecution Privilege**

The defendant essentially complains that the plaintiffs have not made an adequate showing that the joint-prosecution or "common interest" privilege shields the attorney-client conversation that Mr. Gallegos and his lawyer had in the present of the other plaintiffs. The defendant asks that the plaintiff be made to elaborate a showing under the governing test for this rather garden-variety protection. The defendant complains in this vein that no express joint-prosecution agreement has

been identified or produced.

The plaintiff gets the better of this particular dispute. Its point is that these cases have been consolidated for discovery so that the common-interest privilege almost certainly applies. It correctly says that, where parties even "potentially . . . have common interests in litigation," a joint-defense agreement "may be implied from conduct and situation," and that "it is clear that no written agreement is required." *United States v. Gonzalez*, 669 F.3d 974, 979-80 (9th Cir. 2012).

The communications made during the group discussion are privileged. Or, more exactly, they do not lose any attorney-client privilege that otherwise applies simply because they were made in the presence of the other plaintiffs.

**2.3 Prior Sexual Conduct**

The defendant has asked Mr. Gallegos about "Plaintiffs' consensual showing of sexual imagery with Mr. Anastasio and the other Plaintiffs in the workplace." (ECF No. 57 at 2.) Which is to say, the defendant wants to know if the plaintiffs engaged in this workplace behavior on occasions other than the one (when Mr. Anastasio allegedly showed Mr. Gallegos a pornographic image) that triggered this lawsuit. The defense writes that it "must be able to discover whether they were subjectively offended" by being shown the image. This does not seem necessary to the retaliation claim — but, for purposes of discovery, it is hard to say that it is not entirely relevant.

The plaintiff's objections are unconvincing. He first cites California evidence rules. On familiar elementary principles, of course, these do not apply in this federal proceeding. Furthermore, the California law that the plaintiff cites in this regard does not even seem to apply to this sort of case. They cover sexual-assault and -harassment suits; but this is a retaliation case. California case law supports this distinction.

The plaintiff also cites Rule 412 of the Federal Rules of Evidence. This is the rule that forbids, in cases "involving alleged sexual misconduct," *admitting* evidence "that the victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). This is an argument about admissibility, not discovery. Rule 412(b)(2) allows such evidence to be admitted " if its probative value substantially outweighs the danger of harm to any victim" — the

"victim" here being Mr. Gallegos, who seems not to be the type of "victim" that Rule 412, and these "rape shield" rules generally, truly have in mind — "and of unfair prejudice to any party." Given the defendant's limiting its question to the sharing of pornography among the relevant parties in the workplace (which is the genesis of the plaintiff's retaliation claim), and the fact that this is discovery, the court grants the motion to compel the plaintiff to answer — but only to questions so limited. If an argument can be made against *admitting* this evidence, either under Rule 56 or at trial, that argument remains open to the plaintiff, though it would need more developed analysis than either party presents here.

### 3. Third Letter — Extension of Time and Extra Hours

The court grants the extension and allows an additional four hours for Mr. Oross's deposition.

**IT IS SO ORDERED.**

Dated: February 27, 2017

_____
LAUREL BEELER
United States Magistrate Judge