UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MATTHEW GALLEGOS,<br><br>Plaintiffs,<br><br>v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO & DOES 1-5,<br><br>Defendants. | Case No. 3:16-cv-01588-LB<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>[Re: ECF No. 53] |
| FRANK OROSS AND WILLIAM WATTERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Defendants. | Case No. 3:16-cv-02489-LB<br><br>[Re: ECF No. 43] |

The plaintiffs seek leave to amend their complaint to add state-law claims. The court finds that it can decide the motion without oral argument under Civil Local Rule 7-1(b) and grants leave to amend.

First, it is the court's practice — and it was the court's intent here, as set forth in the initial scheduling order — to have the last date to amend the pleadings after mediation. In employment cases, it is important to do core discovery, gain an understanding of the participants, depose percipient witnesses, and then try to resolve the case. The court's concern is always that the spend

ORDER — Case Nos. 3:16-cv-01588-LB and 3:16-cv-02489-LB

of litigation will overtake the dollar value of it. As the parties will recall with the disputes about ESI discovery, the court tried to stage and manage discovery toward the end of mediation. (*See* Order — ECF No. 44.)

Second, the court has refined its practice since the parties' initial case-management conference and now sets deadlines to amend pleadings to some reasonable date after the post-mediation case-management conference, and before fact discovery closes. That did not happen here, but it illustrates the court's intent and approach: to keep amendments within Rule 15(a) land, as opposed to Rule 16(b) land, until after mediation, in part to keep fees in check. *See* Fed. R. Civ. P. 15(a), 16(b).

Given this approach, the court's intended standard to evaluate a motion to amend was Rule 15(a). The court applies the Rule 15(a) standard with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Rule 15(a) five-factor test does not militate against amendment here; the factors are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denying leave to amend. *E.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. The defendant does not assert prejudice. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id*. The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at (9th Cir. 1987). The defendant argues bad faith; the court does not see it. The defendant also argues futility based on the statutes of limitations. The argument spans one paragraph, and the court thinks the argument is better raised in a motion and, at this stage, probably a summary-judgment motion.

The result does not change under Rule 16(b). With motions to amend filed after a cut-off date for amended pleadings, the plaintiffs must satisfy the more stringent "good cause" test. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). "Unlike Rule

1  15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose
2  an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard
3  primarily considers the diligence of the party seeking the amendment." *Id.* at 609. On the record
4  before it, the court finds good cause and grants leave to amend.
5      This disposes of ECF No. 53 in Case No. 3:16-cv-01588-LB and ECF No. 43 in Case No.
6  3:16-cv-02489-LB.
7      The court directs the parties to confer about their schedule and submit a updated case-
8  management statement by March 2, 2017. The court sets a case-management conference for
9  March 9, 2017, at 9:30 a.m.

10  **IT IS SO ORDERED.**
11  Dated: February 27, 2017   _____
12                                      LAUREL BEELER
                                    United States Magistrate Judge